## Case No. 82.

### In re ADLER.

[2 Woods, 571.][1]

Circuit Court, M. D. Alabama. Nov. Term, 1874.

**BANKRUPTCY—REMOVAL OF ASSIGNEE—JURISDICTION OF CIRCUIT COURT.**

The removal of an assignee in bankruptcy by the district court, for a "cause which in its judgment renders such removal necessary or expedient," is not such a case or question as can be reviewed by the circuit court.

[Cited in Re Beck, 31 Fed. Rep. 555.]

In bankruptcy. Petition of review under sec. 2, bankrupt act.[2] [Dismissed.]

[1][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2][Section 2 (14 Stat. 518) provides that the circuit courts "shall have a general superintend-

Lehman Durr & Co. and other creditors of the bankrupt estate of Isaac Adler & Brothers, on the 17th of August, 1874, filed their petition in the district court, praying for the removal of P. H. Pitts and C. C. Carr, assignees of the bankrupt estate. The grounds upon which the removal was asked were that the assignees were squandering, mismanaging and illegally disposing of the assets of the bankrupts. The assignees answered, denying generally and specifically the averments of the petition, and the matter was referred to Joseph W. Burke, Esq., register, to take testimony and report his opinion upon the law and facts. On the 2d of September, 1874, Mr. Burke made his report, in which he found that the specific charges alleging particular acts of maladministration, collusion and fraud, were not sustained by the weight of evidence. He reported, however, that the assignees had disposed of and sold at private sale for $10,850, a large stock of goods valued at $22,000, without an order of court, and that no account was kept of the articles sold, the purchasers of the same, or of the amount for which such articles were sold. He also reported that the real property belonging to the bankrupt estate was subject to two mortgages, the amount due on which was about equal to the value of the property, and that the assignees, without any authority from the court, surrendered this real estate to the junior mortgagee, on condition that she would pay off the senior mortgage, and release all claim to the remainder that might be due on her mortgage after exhausting the security. These findings of the register seemed to be abundantly supported by the evidence. In fact, they were not disputed. It appeared from the evidence, very clearly, that in selling the stock of goods at private sale without an order of court, the assignees acted under the advice of their counsel; but the evidence does not clearly show that they were advised by their counsel not to keep an account of the articles sold, the persons to whom they were sold, and the amount received for each article. Nor did it appear that the transfer of the real estate to the second mortgagee was made by advice of counsel. Upon the coming in of the report of Mr. Burke, the court, upon consideration of the evidence, the report of the register and arguments of counsel, ordered that the assignees be removed. To review and reverse this action of the district court was the purpose of the petition of review.

H. A. Herbert, for petitioners.

S. F. Rice and J. Q. Smith, for defendants.

ence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case in a court of equity."]

WOODS, Circuit Judge. It is insisted by counsel for defendants that this court has no jurisdiction of the question presented, and this point necessarily first demands attention. Section 14 of the bankrupt act (Rev. St. § 5039) provides "that the court, after due notice and hearing, may remove an assignee for any cause which, in the judgment of the court, renders such removal necessary or expedient." It further provides that "at a meeting called by order of the court in its discretion for the purpose, or which shall be called upon the application of a majority of the creditors in number and value, the creditors may, with the consent of the court, remove any assignee by such a vote as is herein provided for the choice of assignees."

This section places the removal of an assignee entirely within the discretion of the district court, either acting alone or in connection with a meeting of the creditors. Can it be reasonably claimed that the action of the court in removing an assignee, or in consenting to a removal by a vote of the creditors is such a case or question as may be reviewed by virtue of the provisions of the second section of the act?

The court may remove "for any cause which, in its judgment, renders such removal necessary or expedient." It is the judgment of the district court touching the necessity or expediency of the removal that decides the question of removal, not the judgment of the circuit court. The only question is this: Was the removal necessary or expedient in the judgment of the district court? This is settled conclusively by the record and is not open to dispute or review. If this court could review the decision of the district court removing an assignee, it could also review the discretion of the district court in calling a meeting of creditors to pass upon the question of removal, and could review the consent of the district court to a removal made by a meeting of the creditors. The discretion lodged with the district court to remove an assignee is just as broad as the discretion to appoint an assignee under certain circumstances.

The 13th section of the bankrupt act (Rev. St. § 5034) declares: "If no choice is made by the creditors at said meeting, the judge, or if there be no opposing interest, the register, shall appoint one or more assignees." So that if the creditors fail to elect, and there is an opposing interest, the judge is authorized to appoint assignees. This power to appoint under the 13th section is no more clearly confided to the discretion of the judge than the power to remove under the 18th section. Can it be claimed for a moment that the appointment of assignees by the judge, made by virtue of the 13th section, could be reviewed by the circuit court. Suppose a creditor, or all the creditors, should think that the assignee

appointed by the judge was an improper one, would the circuit court review the appointment? Clearly not, because the power and responsibility of the appointment is lodged under the circumstances where the district court has power to appoint at all, with the district court and not with the circuit court or with the creditors. If the circuit court cannot review an appointment of an assignee made by the district court, neither can it review the removal of an assignee made by the same court. For both the power of appointment in the contingency mentioned and the power of removal is lodged in the discretion of that court.

These views are sustained by the decision of Mr. Justice Miller in the case of Woods v. Buckewell, [Case No. 17,991.]

I am of opinion, therefore, that the question presented by the petition of review is not a question which this court has the power to review; that in the appointment and removal of assignees, the discretion is lodged with the district court, and that discretion cannot be questioned by the circuit court or the judges thereof. It follows that the petition of review must be dismissed.